## BARTON v. TOKIO INDEPENDENT SCHOOL DIST. et al.

### No. 3554.

Court of Civil Appeals of Texas. Amarillo. May 4, 1932.

T. Wade Potter, of Littlefield, for appellant.

R. L. Graves, of Brownfield, for appellees.

HALL, C. J.

This suit is based upon a contract made between G. S. Glenn and the appellee school district. Appellant, Barton, alleges that for a valuable consideration the said Glenn assigned to him the written contract which forms the basis of this suit. It appears that Glenn is an architect, and that he entered into a contract with the board of trustees for said school district on the 20th day of August, 1929, to furnish all necessary sketches;

plans, blueprints, and specifications for the erection and completion of a school building at a site to be selected by the school trustees, and also agreed to superintend the building until its completion and to assist in getting the best and cheapest bid for the erection of the building. In consideration of his services, the trustees of the district agreed to pay him 5 per cent. in two installments of 3 per cent. and 2 per cent. respectively.

The appellant prayed in the alternative for judgment upon a quantum meruit.

It is undisputed that the contract with Glenn was made before the election for the issuance of bonds had been held, and at a time when there was no money in the treasury for the purpose of constructing a school building, and the first amended petition upon which the case was tried fails to allege that the defendant district had available moneys from any source out of which his demand, if established, could be paid. The election at which the district voted upon the proposed bond issue was not held until September 22, 1929, and it is not shown that there was any money available for building purposes in that district. The trustees did not use the plans and specifications submitted by Glenn, nor is it shown that they accepted or adopted the plans and specifications at any time.

In view of the recent decision of the Commission of Appeals in the case of Harlingen Independent School District v. C. H. Page & Bro., 48 S.W.(2d) 983, it becomes our duty to affirm the judgment of the trial court. The Page Case, as decided by the San Antonio Court of Civil Appeals, is reported in 23 S.W. (2d) 829, and involves the main question presented in the instant case. In view of the decision by the Commission of Appeals in that case which decides the questions before us adversely to the appellant's contention, it is unnecessary for us to discuss at length the contentions in this case.

Upon the authority of the Page Case, we affirm the judgment.